# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

Sabino Mosqueda-Estevez, )
                        Movant, )
vs. ) No. 08-0376-CV-W-FJG
United States of America, ) Crim. No. 05-0265-01-CR-W-FJG
                        Respondent. )

## ORDER

Pending before the Court is petitioner's 28 U.S.C. § 2255 Motion to vacate, set aside, or correct sentence (Doc. No. 3, filed on June 9, 2008). The Court finds that it has jurisdiction over this matter.

Movant pled guilty on February 6, 2006, without a plea agreement, to conspiracy to distribute more than 500 grams of methamphetamine and possession with intent to distribute more than 50 grams of methamphetamine, violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. On August 18, 2006, movant appeared before the Court for sentencing, and thereafter was sentenced to 168 months' imprisonment on each, to be served concurrently. Movant appealed, challenging the reasonableness of his sentence; his appeal was denied. See United States v. Mosqueda-Estevez, 485 F.3d 1009, 1012 (8th Cir. 2007). Movant now asserts he received ineffective assistance of counsel at his sentencing hearing. In particular, movant asserts that his CJA appointed counsel demanded additional payment from movant, and that absent that payment, appointed counsel would not perform his required duties. Movant also argues that counsel was ineffective for failing to argue for a sentencing reduction based on a waiver of the right to contest deportation.

Strickland v. Washington, 466 U.S. 668, 687 (1984) holds that to establish ineffective assistance of counsel, defendant must show: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993).

Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

## ANALYSIS

**I.      Alleged Demand for Payment from CJA Appointed Counsel.**

Movant alleges that defense counsel demanded payment, and would not perform his required duties absent payment. Movant argues that this alone indicates ineffective assistance of counsel. Movant attaches to his motion a purported receipt dated July 2, 2005, to counsel Lance Haley in the amount of $700 for legal services.

The government responds that the movant has not provided specific instances of errors or arguments that defense counsel failed to raise as a result of the alleged payment demand (with the exception of the below argument regarding immigration status). The government indicates that there were no enhancements that affected the sentence, and counsel made an objection to the criminal history computation (the only factor, other than the undisputed drug quantity, that affected the sentence). The government argues that movant has not demonstrated prejudice, as movant points to no factor that would have resulted in a lesser sentence, and the court had access to the comprehensive PSR. The government also attaches the affidavit of Lance Haley to its response (Doc. No. 5), wherein Mr. Haley calls movant's claims of demands of additional payment to be "ludicrous, outrageous and insulting," further noting that counsel and movant had to communicate through an interpreter, who was always present during their communications. Haley further indicates that the receipt is a forgery, noting that his receipt book is different than the form attached to the 2255 motion, and that his signature does not match the one on the purported receipt.

The Court finds that, even if movant's allegations that counsel demanded additional payment were true, this does not demonstrate Strickland prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

Case 4:08-cv-00376-FJG   Document 24   Filed 03/17/09   Page 2 of 6

have been different." Strickland, 466 U.S. at 694.[1]  Therefore, movant's first ground for relief will be **DENIED.**

II.     **Failure to argue for a sentencing reduction based on a waiver of the right to contest deportation.**

Movant argues that his counsel was ineffective for failing to argue for a sentencing reduction based on a waiver of the right to contest deportation.  See United States v. Causor-Serrato, 234 F.3d 384, 391 (8th Cir. 2000)(abrogated on other grounds by U.S. v. Lopez, 443 F.3d 1026, 1028 (8th Cir. 2006)) (a defendant's consent to deportation might be grounds for a downward departure).  See also United States v. Cruz-Ochoa, 85 F.3d 325, 325-26 (8th Cir. 1996) (vacating and remanding for resentencing when district court incorrectly believed it did not have authority to depart from the Sentencing Guidelines on the basis of defendant's waiver and consent to administrative deportation); United States v. Ramirez-Marquez, 372 F.3d 935, 939 (8th Cir. 2004) (recognizing that resident aliens, who are entitled to a deportation proceeding, may be eligible for a departure as a result of waiving that proceeding).  Movant indicates in his motion that he is a permanent resident alien, not an illegal alien as asserted by the government, and argues that as a permanent resident alien he would retain a right to contest deportation.  Movant argues that his attorney ought to have moved for a downward departure based on movant's willingness to waive his right to a deportation hearing.

Upon reviewing the petitioner's motion, the government's response, petitioner's reply, and the underlying record in this case, the Court found that a hearing should be held in this matter in order to (1) clarify petitioner's immigration status; and (2) hear evidence and argument as to petitioner's claim that his attorney provided ineffective assistance of counsel in failing to raise petitioner's argument that he (as an alleged resident alien) was willing to consent to deportation and waive a deportation hearing.  The hearing was held on March 2, 2009.

---

[1] Further, it is unclear what counsel could have done differently that would have resulted in a different outcome for movant.

With respect to petitioner's immigration status, the hearing revealed that petitioner married a United States citizen on November 25, 2000. Petitioner was granted a conditional permanent resident card on April 4, 2002. Petitioner filed his I-751 form[2] on October 29, 2004. Petitioner was sentenced for the instant offenses in August 2006. An interview was set regarding petitioner's I-751 form on October 9, 2007, at 12 p.m. Petitioner failed to appear due to his incarceration; petitioner's spouse also failed to appear. In December 2007, the U.S. Citizenship and Immigration Services reached a decision that plaintiff's I-751 was denied as a matter of law for failure of petitioner and/or his spouse to appear at the hearing.

Petitioner's former counsel also testified at the hearing held on March 2, 2009. Counsel indicated that when he met petitioner, petitioner indicated that he had legal resident status. Counsel advised Judge Maughmer during petitioner's detention hearing that it was his understanding from his client that petitioner had obtained permanent resident status in 2002. After the hearing, counsel attempted to follow up with petitioner's wife, who told counsel she did not want to have anything to do with petitioner. Counsel also testified that, although he did not request a copy of petitioner's immigration file, he called someone at the ICE office to ascertain petitioner's immigration status. Counsel testified that his understanding was that petitioner had missed the deadline for getting his status continued.[3] Counsel testified to his belief that, without proof that petitioner had permanent status and had filed the appropriate paperwork in a timely fashion, it would have been an act of futility to make a request for a downward departure based on voluntary deportation. Counsel stated he was not aware that petitioner filed an I-751 form. Counsel testified, contrary to

---

[2]An I-751 form is a petition to remove the conditions from an alien's permanent resident status. Petitioner filed this form late; he was required to submit this form within 90 days of the two-year anniversary of the grant of his conditional permanent residence (April 4, 2004).

[3]It is apparent from the record that the deadline petitioner missed was the deadline for filing his I-751, to remove the conditions from his permanent resident status.

petitioner, that petitioner never told him that he was willing to waive his right to a deportation hearing.

The Court finds, based on the evidence presented at the hearing, that plaintiff has failed to demonstrate ineffective assistance of counsel. First, the Court finds that counsel had a reasonable belief that petitioner had missed the deadline for filing his I-751 form, and thus would not be able to have the conditions removed from his permanent resident status.[4] It is likely that, had the issue regarding the untimely filing of the I-751 been presented to this Court during sentencing, the Court would have found petitioner to be without status (in other words, an illegal alien) at the time of his sentencing, such that a waiver of the right to a deportation hearing would be a meaningless gesture. An illegal alien is subject to expedited removal proceedings after serving his criminal sentence for aggravated felony conviction. See 8 U.S.C. §§ 1227(a)(2)(B)(I), 1228(b). Thus, if movant were considered to be an illegal alien at the time of his sentencing hearing movant would have had no colorable, non-frivolous defense to deportation. Petitioner suffered no prejudice from his counsel's failure to make this argument at his sentencing hearing.

Second, the Court notes that even if petitioner is found to have retained his status as a conditional permanent resident at the time of the sentencing hearing, petitioner still would not have qualified for a downward departure based on a waiver of his right to contest deportation. The government notes that, in order to qualify for a downward departure, the movant must have a "colorable, non-frivolous defense to deportation and show a waiver of that defense would substantially assist the administration of justice." Ramirez-Marquez, 372 F.3d at 938. Waiver of deportation against which there is no apparent defense is a meaningless concession and would not warrant a downward departure. Id. at 939. A federal conviction of conspiracy to distribute methamphetamine is considered to be an aggravated felony under 101(a)(43)(B) and 101(a)(43)(U) of the Immigration and

---

[4]This belief may have been erroneous, given that the agency apparently accepted the form as a decision was made on it in December 2007. See generally the testimony of Jayme Salinardi, assistant Chief Counsel with Immigration and Customs Enforcement, Department of Homeland Security.

5

Nationality Act, 8 U.S.C. § 1101. Conditional permanent resident aliens are subject to expedited removal proceedings after serving a criminal sentence for an aggravated felony conviction. See 8 U.S.C. § 1228(b)(2)(B). Again, even if petitioner was a conditional permanent resident at the time of his sentencing, petitioner would not have a colorable, non-frivolous defense to his deportation, and thus waiver of his right to contest deportation would be a meaningless concession. Petitioner suffered no prejudice from his counsel's failure to make this argument at his sentencing hearing.

Finally, even if the Court assumed that petitioner was not convicted of an aggravated felony (an assumption that would be incorrect based on the facts of this case), counsel's failure to argue that petitioner would be willing to waive his right to contest deportation did not prejudice petitioner in this matter. The Court notes that the decision as to whether to grant a downward departure based on such a waiver is a decision that is within the Court's discretion. See U.S. v. Causor-Serrato, 234 F.3d 384, 390-91 (8th Cir. 2000); United States v. Cruz-Ochoa, 85 F.3d 325, 325-26 (8th Cir. 1996). In this instance, even if petitioner had not been convicted of an aggravated felony and retained a right to contest his deportation, the Court would not have exercised its discretion to grant a downward departure given the nature of the plea and conviction involved in this matter. Therefore, petitioner suffered no prejudice from his counsel's failure to make this argument at his sentencing hearing.

## JUDGMENT

For the aforesaid reasons movant's 28 U.S.C. § 2255 Motion to vacate, set aside, or correct sentence (Doc. No. 3, filed on June 9, 2008), is denied. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   3/17/09
Kansas City, Missouri