# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Sabino Mosqueda-Estevez, )  | |
| Movant, ) | |
| vs. ) | No. 08-0376-CV-W-FJG |
| United States of America, ) | Crim. No. 05-0265-01-CR-W-FJG |
| Respondent. ) | |

## ORDER

Pending before the Court are (1) Movant's Motion to Proceed on Appeal In Forma Pauperis (Doc. No. 27); and (2) Movant's Motion for Appointment of Counsel on Appeal (Doc. No. 28). Each will be considered below.

**I.   Motion to Proceed on Appeal In Forma Pauperis (Doc. No. 27)**

Petitioner indicates that he remains incarcerated and is without funds to prosecute an appeal in this case. Fed. R. App. P. 24(a)(3) states:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

The Court previously appointed counsel on July 15, 2005, in petitioner's criminal matter (Doc. No. 15 in Case No. 05-0265-06-CR-W-FJG). The Court also appointed counsel for petitioner on September 16, 2008, in petitioner's 2255 proceeding (Doc. No. 8 in Case No. 08-0376-CV-W-FJG). The Court finds that petitioner is entitled to continue to proceed in forma pauperis. Therefore, petitioner's motion (Doc. No. 27) will be **GRANTED**.

**II.   Motion for Appointment of Counsel on Appeal (Doc. No. 28)**

Petitioner indicates that the Federal Public Defender's Office was appointed to represent petitioner before the district court in the 28 U.S.C. § 2255 proceeding. Counsel

indicates that, at petitioner's request, counsel's office filed an appeal from the adverse decision of this Court (see Doc. No. 24). Counsel indicates that petitioner remains incarcerated and no conditions have changed from the Court's original decision that petitioner was indigent. Counsel requests that the Court continue the Federal Defender's representation of petitioner on appeal.

The government opposes petitioner's motion. The government indicates that petitioner's motion to appoint counsel for appeal is premature, as petitioner has not been granted a certificate of appealability. This Court denied petitioner a certificate of appealability (see Doc. No. 24). The Eighth Circuit will also review the case to determine whether a certificate of appealability should issue. See, e.g., Anjulo-Lopez v. United States, 541 F.3d 814, 816-17 (8th Cir. 2008). The United States also notes that petitioners in §2255 cases do not have a right to appointed counsel except when evidentiary hearings are necessary. See Green v. United States, 262 F.3d 715, 716-19 (8th Cir. 2001). Counsel in this matter was appointed to represent petitioner at his evidentiary hearing, and the government suggests that since the hearing at which counsel was required has now concluded, there is no reason to continue the appointment. The government further suggests that if the Eighth Circuit determines that a certificate of appealability should issue, at that time the panel would appoint counsel to prepare a brief. In his reply brief, petitioner suggests that Rule 8(c) of the § 2255 rules states that nothing in these rules limits the appointment of counsel under 18 U.S.C. §3006A at any stage of the proceeding, and thus petitioner requests the Court continue the Federal Public Defender's representation on appeal.

After considering petitioner's motion, the Court finds that petitioner's motion to appoint counsel should be **DENIED**, and the Federal Public Defender's Office is **RELIEVED** from continued appointment. The Court agrees that petitioner's request for appointment of counsel is premature, given that this Court has denied petitioner a certificate of appealability and the Eighth Circuit has not issued a certificate of appealability to-date. If the Eighth Circuit determines that a certificate of appealability should issue, petitioner may

revisit this issue.

### III. Conclusion

Therefore, for the foregoing reasons:

1) Movant's Motion to Proceed on Appeal In Forma Pauperis (Doc. No. 27) is **GRANTED**; and

(2) Movant's Motion for Appointment of Counsel on Appeal (Doc. No. 28) is **DENIED**.

**IT IS SO ORDERED.**

          /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 04/20/09
Kansas City, Missouri